RAYMOND L. SIRIS, PLAINTIFF, v. HENRY D. BIALY AND WILLIAM F. KELZ, DEFENDANTS.

Decided February 24, 1927.

**False Imprisonment—Assault and Battery—Slander—Defendants Held to Bail on Said Charges—Affidavit Discloses No Special Cause For Holding Defendants to Bail—Order to Hold to Bail Set Aside.**

On action at law. On motion to set aside an order made for bail.

For the motion, *Starr, Summerill & Lloyd.*

*Contra, James Mercer Davis.*

The opinion of the court was delivered by

KATZENBACH, J.  Each of the defendants above named was held to bail in the sum of $2,000 to answer unto the plaintiff in an action at law.  The order was made by a Supreme Court commissioner.  In the order it is stated that it was sufficiently proved that the defendants with force and arms did seize the plaintiff and imprison him for a long space of time, to wit, for the period of two hours, without any legal process whatsoever, and that the said defendants at that time did with force and arms beat, wound and ill-treat the plaintiff and did commit an assault upon him; that the plaintiff, a law-abiding citizen of good repute in the community, was willfully slandered by the defendant Henry L. Bialy, in the presence of a large number of persons, by Bialy calling the plaintiff "a dirty Jew Bolshevic," thereby meaning that the plaintiff was unclean and was not a law-abiding citizen, but a person opposed to good government and the proper administration of the law.

The affidavit upon which the order was based discloses no special cause for holding the defendants to bail.  The order mentions no special cause.  The defendants have moved to set aside this order.  The grounds argued at the time this motion was heard are somewhat broader than those stated in the notice.  It is perhaps only necessary to consider two of the grounds advanced to set aside the order.  They are—(1) that the affidavit does not set forth any facts which warranted the making of the order, and (2) that no special cause or causes for holding the defendants to bail were included in the affidavit, and the order sets none forth.

In disposing at this time of a similar application in another case (Jacobs *v.* Costanza), I have called attention to the fact that under the fifty-sixth section of the Practice act (Revision of 1903), an order to hold to bail cannot be made unless the proof establishes a special cause for holding the

defendant to bail. In support of this ruling the cases of *Hufty* v. *Wilson*, 78 *N. J. L.* 241; *Vitalano* v. *Roffo*, 3 *N. J. Mis. R.* 1130, and *Hand* v. *Nolan*, 1 *Id.* 428, were cited. Under these authorities the order in the present case is defective. The affidavit establishes no special cause. The affidavit also fails to present the facts necessary to establish an outrageous battery or mayhem. This is fatal to the validity of the order.

The order to hold to bail is set aside. The bail is discharged. The action may proceed as if commenced by summons. Upon the presentation to me of an order embodying the findings and rulings made in this opinion, I will sign it.